IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. BOUSSUM, | : | |
| Plaintiff | : | Civil Action 2:08-cv-770 |
| v. | : | Judge Smith |
| TERRY COLLINS, *et al.*, | : | Magistrate Judge Abel |
| Defendant. | : | |

ORDER ON RECONSIDERATION

This matter is before the District Judge pursuant to Plaintiff's Motion for Reconsideration by Plaintiff and Objection to the Report and Recommendation as rendered on September 10, 2008 (Doc. 3). On that date, the Magistrate Judge issued an initial screening report and recommendation finding that Plaintiff's Complaint failed to state a claim as to certain defendants, and recommending that those defendants be dismissed from this suit. Plaintiff has timely filed objections to the report and recommendation; he has the right to *de novo* review by the District Judge. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons stated herein, the Report and Recommendation is **ADOPTED WITH MODIFICATIONS**, and this case is **DISMISSED** with respect to all Defendants.

Plaintiff is a prisoner, incarcerated in Chillicothe Correctional Institution since 1988. His Complaint is brought against Terry Collins, the Director of the

1

Ohio Department of Rehabilitation and Correction, against Gary Croft, Chief of the Ohio Adult Parole Authority, against Harry Hageman, Chairman of the Ohio Adult Parole Authority, and against Nancy H. Rogers, the Ohio Attorney General, each in his or her official capacity.[1] Plaintiff brings three causes of action. The first is against Defendants Collins, Croft, and Hageman, alleging that they deprived Plaintiff of his constitutional rights at a 2008 parole hearing by retroactively applying a newer and harsher parole standard (including the application of new violent offender classifications and victims' rights statutory provisions) than that which was in effect in 1988 when Plaintiff was sentenced. This, Plaintiff claims, was an unconstitutional *ex post facto* application of law to him by effectively increasing his sentence after he was convicted. (Doc. 2 at ¶18.) He seeks a declaratory judgment that Collins, Croft, and Hageman acted illegally and unconstitutionally, and injunctive relief granting him, *inter alia*, a new parole hearing under the 1988 parole standard. (Doc. 2 at Prayer).

Plaintiff also brings a claim against Defendant Nancy Rogers, claiming that her predecessor in office enacted regulations and procedures bringing into effect Senate Bill 10, which, Plaintiff alleges, greatly altered Ohio's sexual offender classification and public notification scheme. Plaintiff alleges that the effect of these changes was to enact a retroactive punishment upon him, and that this effect

---

[1]Plaintiff's Complaint specifically named Marc Dann, former Attorney General of Ohio, in his official capacity. Pursuant to Fed. R. Civ. Pro. 25(d), Nancy H. Rogers, Mr. Dann's successor in office, is automatically substituted as a party. The party pled as "Dann" will be referred to as "Rogers" throughout.

was likewise an unconstitutional *ex post facto* application of law to him. (Doc. 2 at ¶61.) Plaintiff, for his third cause of action, alleges that the actions of Defendant Rogers' predecessor in office were violative of the provisions of the Ohio Constitution which, *inter alia*, prohibit double jeopardy and guarantee due process of law. (Ohio Const. Art. I, §10; Art. I, §16.)

The Magistrate Judge, in his Report and Recommendation (Doc. 3), recommended that the case proceed against Defendants Croft and Hageman, and recommended the dismissal of Defendants Collins and Rogers, on grounds that Plaintiff's Complaint did not allege that either Collins or Rogers had taken any actions which deprived Plaintiff of a constitutional right, and thus failed to state a claim against either upon which relief could be granted. Upon *de novo* review, the Court finds that the Complaint (Doc. 2) does state such claims as to Defendants Collins and Rogers, and that the Report and Recommendation is incorrect in this respect.

However, Plaintiff explicitly, and repeatedly, pleads that his claims are brought against all Defendants *only* in their official capacities. See Complaint (Doc. 2) at Caption, ¶9, 10, 11. The Eleventh Amendment to the United States Constitution generally prohibits persons from suing a state in the federal courts. A state government is protected from such lawsuits by sovereign immunity. Where such suit is brought against state officials (such as Defendants Collins, Croft, Hageman, and Rogers), it is considered to have been brought against the state itself. *Governor of Georgia v. Madrazo*, 26 U.S. 110, 113-114 (1828). An exception

to this sovereign immunity has long been held to exist where a plaintiff sues state officials in their individual capacity for unconstitutional conduct performed under color of state law. The theory behind this exception is, generally speaking, that a state cannot authorize its officers to act unconstitutionally; if they do act in this fashion, then they are no longer representing the state and are undertaking their own individual conduct. *See*, *Ex parte Young*, 209 U.S. 123, 167 (1908).

Given that Plaintiff has here explicitly pled that his action is brought only against the four defendants in their official capacities, the exception to sovereign immunity created by *Ex parte Young* and its progeny is unambiguously inapplicable. Therefore, Plaintiff's suit is barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity, and cannot be brought in this Court. Since Plaintiff's suit is so barred, it is unnecessary for this Court to address the averment Plaintiff made in his "Affidavit in Support of Complaint" that he has parallel state court proceedings pending in his original state criminal case (Doc. 2-2 at ¶6b), and that he has previously participated in state court litigation which attacked, on constitutional grounds, the conduct which forms the basis of Plaintiff's Complaint in this case (Doc. 2-2 at ¶6a).

Therefore, the Initial Screening Report and Recommendation (Doc. 3) is **ADOPTED WITH MODIFICATIONS**. It is hereby **ORDERED** pursuant to Fed. R. Civ. Pro. 25(d) that Ohio Attorney General Nancy H. Rogers is substituted in this proceeding for named plaintiff Marc Dann, the former holder of that office. The Complaint is furthermore **DISMISSED** as to all defendants on grounds of sovereign

4

immunity under the Eleventh Amendment to the United States Constitution. The Clerk of Court is **DIRECTED** to enter final judgment for defendants.

    **IT IS SO ORDERED.**

                                  */s/ George C. Smith*
                                  GEORGE C. SMITH, JUDGE
                                  UNITED STATES DISTRICT COURT