IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. BOUSSUM, | : | |
| Plaintiff | : | Civil Action 2:08-cv-770 |
| v. | : | Judge Smith |
| TERRY COLLINS, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court for a report and recommendation on Defendant Richard Cordray's ("Cordray") motion to dismiss (Doc. 20). Defendant Cordray is the attorney general of Ohio. As the result of a 1988 plea agreement and conviction in Lucas County, Plaintiff is incarcerated in the Ohio penal system. On January 30, 2008, he filed, in his criminal case, a petition to contest reclassification and registration as a sex offender with the Lucas County Clerk of Court. (Doc. 23 at 10.) On February 6, 2008, the Assistant Prosecuting Attorney of Lucas County entered an appearance on behalf of the State of Ohio. (Doc. 23 at 20.)

Plaintiff has brought claims against Cordray for declaratory and injunctive relief, claiming that the State of Ohio's new sex-offender registration scheme, promulgated under Senate Bill 10, would violate his due process rights under the Fourteenth Amendment and would amount to an *ex post facto* law barred by Article

1

I, Section 10 of the United State Constitution. Defendant now moves this court to abstain from exercising its jurisdiction, under *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger v. Harris*, the United States Supreme Court held that federal injunctions against a state criminal law enforcement process could be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." 401 U.S. at 45. The Supreme Court has generally held that federal courts should not act to restrain a criminal prosecution, or to interfere with state appellate proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). Three factors determine whether a federal court should abstain from interfering in a state court action: (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008), quoting *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).

The most important of these factors is whether there is indeed an "ongoing judicial proceeding" in state court. Plaintiff, in his "Affidavit in Support of Complaint", stated that "State v. Boussum, case no. CR-0198705669, was filed in the trial court to challenge the retroactive application of Senate Bill 10 reclassification and registration duties to me. However, the trial court has not acknowledged or made a timely response to my petition for relief as of this date."

(Doc. 2-3 at ¶6b.) In his memorandum contra Defendant's motion to dismiss, Plaintiff states again that he filed a petition in the Lucas County Court of Common Pleas on January 30, 2008 to contest the application of this law, but complains that over a year has elapsed without any activity in the case. He characterizes this as "[t]he State court has shown that it is either unwilling or unable to protect Plaintiff's federal constitutional rights." (Doc. 23 at 4.)

Plaintiff's perception that the progress of his petition in state court is slow or nonexistent is a commonplace frustration of litigants. However, the Court cannot say that a petition for relief which has been pending for about seventeen months does not constitute an "ongoing" judicial proceeding. It is apparent that it has not gone utterly unnoticed, as the State of Ohio entered an appearance in the matter. (Doc. 23 at 20.) A failure to receive a swift determination as to what sexual predator classification system would govern Plaintiff in the event of a hypothetical parole is not in any case what the *Younger* court characterized as "extraordinary circumstances where the danger of irreparable loss is both great and immediate". Moreover, if Plaintiff is serious in his contention that the state court is "unable or unwilling" to proceed, he can seek a writ of procedendo in the Lucas County Court of Appeals. For now, however, it appears to the Court that the matter is still an ongoing proceeding.

Plaintiff does not specifically contest the second factor involved in a *Younger* abstention analysis. The Court concludes that litigation about the validity of Senate Bill 10 certainly implicates an important Ohio state interest. With respect

3

to the third factor – whether there is adequate opportunity in the state proceedings to raise a constitutional challenge – adequate opportunity exists "unless state law clearly bars the interposition of the constitutional claims." *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006). Plaintiff cites at length the purpose and operation of 42 U.S.C. §1983 in granting a remedy at law to persons whose federal rights state courts refuse to protect. However, he has not made a showing that Ohio courts will not provide him an opportunity to litigate his claims in state court. The Court observes that claims relating to the retroactive applicability of Senate Bill 10 have gone forward in, *e.g.*, *Gildersleeve v. State*, 2009-Ohio-2031 (Ohio App. 8th Dist., April 30, 2009), *Siegler v. State*, 2009-Ohio-2010 (Ohio App. 5th Dist., April 27, 2009), *Toney v. State*, 2009-Ohio-1881 (Ohio App. 8th Dist., April 23, 2009), and *State v. Henning*, 2009-Ohio-1466 (Ohio App. 6th Dist., March 20, 2009). The Court notes that *Henning* was handed down in Plaintiff's own appellate district, and that it makes reference in its text to four other decisions of that appellate court on the subject of retroactive applicability of Senate Bill 10. Ohio state law clearly does not bar the interposition of Plaintiff's constitutional claims.

Therefore, as state criminal law enforcement process relating to this matter is ongoing, this Court should abstain from exercising its jurisdiction. Accordingly, it is **RECOMMENDED** that the Motion of Defendant Richard Cordray to Dismiss (Doc. 20) be **GRANTED**, and that he be **DISMISSED** as a defendant from this proceeding.

If any party objects to this Report and Recommendation, that party may,

within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge