IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. BOUSSUM, | : | |
| Plaintiff, | : | Civil Action 2:08-cv-770 |
| v. | : | Judge Smith |
| TERRY COLLINS, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## OPINION AND ORDER

Plaintiff Charles E. Boussum is incarcerated in the Ohio penal system as the result of a 1988 plea agreement and conviction in Lucas County. He has brought, as part of this action, claims against the Ohio Attorney General, Richard Cordray, claiming that a new Ohio sex-offender registration scheme (Senate Bill 10) would violate his due process rights under the Fourteenth Amendment to the United States Constitution and would amount to an *ex post facto* law barred by Article I, Section 10.

Plaintiff pled, in an affidavit accompanying his original complaint, that:

6.    I have personally filed or participated in the following lawsuits against the State or its employees within the past five years:
[...]
b.    State v. Boussum, case no. CR-0198705669, was filed in the trial court to challenge the retroactive application of Senate Bill 10 reclassification and registration duties to me. However, the trial court has not acknowledged or made a timely response to my petition for relief as of this date.

1

(Doc. 2-3 at 1-2.)

The record reflects that, on January 30, 2008, Plaintiff filed, in his original criminal action in the Lucas County Court of Common Pleas, a petition to contest reclassification and registration as a sex offender. (Doc. 23 at 10.) On February 6, 2008, the Assistant Prosecuting Attorney of Lucas County entered an appearance. (Doc. 23 at 20.) The record before the Court does not demonstrate any further activity in this case.

Defendant Richard Cordray moved to dismiss, asking this court to abstain from hearing the claims against him pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Defendant argued that, as Plaintiff has parallel state court proceedings pending in his original state criminal case, this court should permit the state court proceedings to go forward. Plaintiff argued in response that over a year had elapsed since the filing of his petition, and that thus "[t]he State court has shown that it is either unable or unwilling to protect Plaintiff's federal constitutional rights." (Doc. 23 at 4.)

In his Report and Recommendation, the Magistrate Judge found that this matter calls for the exercise of *Younger* abstention. The United States Supreme Court found in *Younger* that federal courts should only enjoin a state criminal law enforcement process "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The Magistrate Judge determined that the underlying proceedings in Lucas County, despite their apparent lack of progress, do constitute an ongoing judicial

2

proceeding, that the proceedings implicate an important interest of the State of Ohio, and that there is adequate opportunity in the state proceedings to raise a constitutional challenge. As these factors were present, the Magistrate Judge found, the Court should abstain from interfering in the state court action. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008), quoting *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). Plaintiff has now filed objections to the Report and Recommendations. He argues that *Younger* abstention is applicable only to criminal prosecutions and state appellate proceedings, and his petition to challenge classification is neither. Plaintiff also argues, in effect, that *Younger* abstention should not apply to actions such as his which arise under 42 USC §1983.

    Plaintiff states in support of his first contention:

    The word "prosecution" is defined by Black's Law Dictionary, Abridged Sixth Edition, as "A criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." See page 848. The Ohio Revised Code defines petitions to challenge the new registration and notification requirements in Senate Bill 10 to be part of a civil proceeding. See R.C. §2950.031(E). Thus, any reliance by Court on the case of Younger is misplaced.

(Doc. 31 at 11.)

    The distinction is immaterial. *Younger* abstention applies not merely to state criminal proceedings, but also to noncriminal judicial proceedings in state courts where important state interests are involved. In *King v. Dann*, 2007 WL 2460342 (N.D. Ohio August 24, 2007), our sister court abstained, pursuant to *Younger*, from exercising its jurisdiction over a challenge to the constitutionality of Ohio's previous

3

sex offender classification scheme, finding that important state interests were involved.  "The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.  Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation." *King* at *1, quoting *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423, 432 (1982).  As the United States Supreme Court held in finding that another district court should have abstained from hearing an attack upon a civil nuisance proceeding, while the exercise of jurisdiction "has not directly disrupted Ohio's criminal justice system, it has disrupted that State's efforts to protect the very interests which underlie its criminal laws and to obtain compliance with precisely the standards which are embodied in its criminal laws." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604-605 (1975).  This Court will likewise decline to interfere with the classification challenge petition pending before the Lucas County Court of Common Pleas.

Plaintiff also seems to argue that the *Younger* abstention factors are irrelevant in actions arising under 28 U.S.C. §1983, because one purpose of a §1983 action is to obtain a federal remedy where state courts are unwilling or unable to protect federal constitutional rights.  The Magistrate Judge addressed this issue in his Report and Recommendation, noting that the delays in the progress of Plaintiff's petition are not extraordinary.  He also noted that Ohio courts are evidently willing to consider challenges to the retroactive applicability of Senate

4

Bill 10, and cited four such judicial opinions handed down in March-April 2009 alone. Furthermore, the Magistrate Judge noted, despite his claims that he has no remedy in Ohio courts, Plaintiff has apparently made no application to the appellate court for a writ of procedendo to require the Lucas County common pleas court to hear his petition. Plaintiff has offered no new arguments which challenge these conclusions.

The Report and Recommendation of the Magistrate Judge (Doc. 28) is hereby **ADOPTED**. The Court abstains from exercising its jurisdiction over Plaintiff's claims against the Ohio Attorney General. The Motion of the Ohio Attorney General to Dismiss (Doc. 20) is accordingly **GRANTED**. Ohio Attorney General Richard Cordray is hereby **DISMISSED** from this action.

**IT IS SO ORDERED.**

                                                               _/s/ George C. Smith_
                                                               **GEORGE C. SMITH, JUDGE**
                                                              **UNITED STATES DISTRICT COURT**